IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RUBEN VEGA, Reg. No. 09643-073, Petitioner, | § § § § | |
| v. | § § | EP-18-CV-96-DCG |
| SCOTT NIKLIN, Warden, Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ruben Vega seeks relief from his sentence through a *pro se* "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1). Vega, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] asserts that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), "his sentence enhancement as a Career Offender . . . is a 'miscarriage of justice'" because "he lacks the predicate felonies to justify such a characterization."[2] He argues that he is, therefore, "'Actually Innocent' of the 'Career Offender' sentencing enhancement."[3] Because it appears from Vega's petition that he is not entitled to relief, the Court will dismiss it on its own motion pursuant to 28 U.S.C. § 2243.

## BACKGROUND AND PROCEDURAL HISTORY

The Court takes judicial notice of the file underlying Vega's criminal conviction in case number

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet 19, ECF No. 1.

[3] *Id.*

-1-

4:03-cr-40081-LLP-1 in the United States District Court for the District of South Dakota.[4]

The file shows that on October 31, 2003, Vega pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. This was not Vega's first drug offense. He had two prior state-court felony convictions for the "[u]nauthorized manufacture, distribution, counterfeiting or possession of [a] schedule I or II substance," in violation of South Dakota Criminal Law § 22-42-2.[5] As a result, the government filed notice a few weeks before Vega's plea that it would seek an enhanced punishment, pursuant to 21 U.S.C. § 851(a), based on his prior felony drug convictions. Thus, once Vega pleaded guilty, he faced a mandatory minimum sentence of 20 years' imprisonment under 21 U.S.C. § 841(b)(1)(A).[6]

Vega's base offense level under the drug quantity table in Sentencing Guideline § 2D1.1 was 34. Adding a two-level upward adjustment under Sentencing Guideline § 3B1.1(c) for his role as an organizer, leader, manager or supervisor in the conspiracy, his offense level became 36. Deleting three levels for acceptance of responsibility under Sentencing Guideline § 3E1.1, Vega's total offense level was 33.

Because of Vega's two prior state-court felony convictions for controlled substance offenses,[7]

---

[4] *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of 'a document filed in another court ... to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable.") (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)).

[5] Pet'r's Pet. at 20, ECF No. 1.

[6] 21 U.S.C. § 841(b)(1)(A) (2012) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment ...").

[7] *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b) (U.S. SENTENCING COMM'N 2003) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export,

however, the South Dakota District Court applied the career offender guideline, Sentencing Guideline § 4B1.1, when it calculated his sentence. As a result, Vega's base offense level became 37. With a three-level downward adjustment for acceptance of responsibility, Vega's total offense level of 34, with a criminal history category VI, resulted in a sentencing range of 262 to 327 months' imprisonment.

On January 26, 2004, the South Dakota District Court sentenced Vega at the bottom of the guideline range—but above the 20-year mandatory minimum sentence—to 262 months' imprisonment. Vega did not appeal his sentence to the Eighth Circuit Court of Appeals.

On November 1, 2004, Vega filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 motion, Vega first argued that the trial court lacked jurisdiction to impose a sentence higher than the 20-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). Rejecting this argument, the South Dakota District Court noted that Vega admitted in the amended factual basis associated with his plea agreement that his conspiracy resulted in the distribution of over 500 grams of methamphetamine. The trial court explained, pursuant to 21 U.S.C. § 841(b)(1)(A), the maximum punishment for conspiracy to possess over 500 grams of methamphetamine was life imprisonment. And since Vega's sentence did not exceed the statutory maximum applicable to his criminal conduct, he was not entitled to § 2255 relief.

Vega also asserted in his § 2255 motion that he received ineffective assistance of counsel for two reasons. He first complained that his counsel failed to object to the Court's lack of jurisdiction to impose a sentence higher than the 20-year mandatory minimum. The Court concluded that counsel's performance was not deficient for failing to object to the Court's within-the-guidelines sentence in excess

---

distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.").

of the mandatory minimum, but below the maximum allowable sentence. Vega also contended that he received ineffective assistance because his lawyer did not object to the two-level upward adjustment for his role in the offense. Vega's guideline range, however, was not governed by the drug quantity table with the enhancement for his role in the offense. Rather, it was determined by application of the career offender provision in Sentencing Guideline § 4B1.1. Thus, his counsel's failure to object to the adjustment based on his role in the offense did not prejudice Vega, and the Court ruled he could not prevail on his ineffective-assistance-of-counsel claim.

On July 28, 2005, the South Dakota District Court denied Vega's § 2255 motion and did not issue a certificate of appealability. The Eighth Circuit denied Vega's motion for a certificate of appealability and dismissed his appeal.

The Sentencing Commission subsequently adopted Amendment 782 to the Sentencing Guidelines, which became effective November 1, 2014. Essentially, Amendment 782 permitted district courts to retroactively reduce—by two levels—most base offense levels in the drug quantity tables in Sentencing Guideline § 2D1.1.

On April 17, 2015, Vega filed a motion to reduce his sentence in the South Dakota District Court based on the retroactively-amended drug quantity table in Sentencing Guideline § 2D1.1. Vega argued that the Court should apply Amendment 782 to reduce his total offense level by two levels, from 34 to 32, resulting in a guideline range of 210 to 262 months' imprisonment. The Court denied his motion. It reasoned that it determined his guideline range based on the career-offender table in Sentencing Guideline § 4B1.1(b), not the drug quantity levels listed in Sentencing Guideline § 2D1.1. And, it noted, the new guidelines did not alter the career offender guideline range.

On May 31, 2016, Vega filed another motion to reduce his sentence in the South Dakota District

-4-

Court. This time Vega argued that his two prior felony drug convictions were not serious enough to justify his career offender status. He also argued that the Court erred when it gave him a two-level upward adjustment for his role in the offense, and that he was rehabilitated and ready to return to society. The Court denied Vega relief on October 26, 2016. It explained it was unaware of any authority to reduce Vega's sentence for the reasons he asserted.

On March 23, 2018, Vega filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court. He argues—based on his understanding of *Mathis*—that "there has been a subsequent retroactive change in statutory interpretation by the [S]upreme [C]ourt [which] reveals that a previous conviction is not a predicate offense under the career-offender enhancement."[8] He asserts "his sentence enhancement as a Career Offender . . . is a 'miscarriage of justice'" because "he lacks the predicate felonies to justify such a characterization."[9] He argues he is, therefore, "'Actually Innocent' of the 'Career Offender' sentencing enhancement."[10]

## APPLICALBE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[11] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[12] A § 2241 petitioner may make this attack only in the district court with jurisdiction over

---

[8] Pet'r's Pet. at 3, ECF No. 1.

[9] *Id.* at 19.

[10] *Id.*

[11] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[12] 28 U.S.C. § 2241(c) (2012).

his custodian.[13]

By contrast, a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[14] Relief under § 2255 is warranted for errors that occurred at trial or sentencing.[15] A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[16]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules. It provides a district court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[17] A petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

[T]he savings clause of § 2255 applies to a claim (i) that is based on a

---

[13] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[14] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[15] *See Cox,* 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[16] *Pack*, 218 F.3d at 452.

[17] *See* 28 U.S.C. 2255(e) (2012) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[18]

A petitioner must prove both prongs to successfully invoke the savings clause.[19] Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.[20]

Finally, a court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto."[21]

With these principles in mind, the Court turns to Vega's claims.

## ANALYSIS

In his petition, Vega challenges the South Dakota District Court's reliance on his two prior state-court felony convictions for the unauthorized manufacture, distribution, counterfeiting or possession of a schedule I or II substance in determining his sentence under the career offender guideline, Sentencing Guideline § 4B1.1.[22] He suggests the elements of the South Dakota statute under which he was convicted—South Dakota Criminal Law § 22-42-2—are broader than those of a generic federal controlled

---

[18] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[19] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[20] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[21] 28 U.S.C. § 2243 (2012).

[22] Pet'r's Pet. at 16–46, ECF No. 1.

substance offense.[23] He argues—based on *Mathis*—that his state-court convictions cannot serve as predicate offenses for the career offender guideline.[24] Notably, Vega does not suggest that he did not commit the federal felony offense of conspiracy to possess with the intent to distribute 500 grams or more of a mixture containing methamphetamine. He also does not suggest he did not commit the state felony controlled substance offenses relied on by the South Dakota District Court to enhance his sentence.

In *Mathis*, the Supreme Court outlined the process by which a district court should determine, for the purposes of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii).[25] Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense.[26] The Court reaffirmed this approach in *Mathis*, but added that, because the inquiry focused on the generic offense, not the actual offense, a court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition."[27] Accordingly, the Supreme Court concluded that if the elements of the state law crime were broader than the generic version of an enumerated federal offense, then the state law

---

[23] *Id.* at 37. *See* 18 U.S.C. § 924(e)(2)(A) ("the term "serious drug offense" means-- ... (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law ...").

[24] Pet'r's Pet. at 3.

[25] *Mathis*, 136 S. Ct. at 2247–57.

[26] *Id.* at 2257. *See also Taylor v. United States*, 495 U.S. 575, 599 (1990).

[27] *Mathis*, 136 S. Ct. at 2257.

conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act.

Vega may proceed with an attack on the validity of his sentence in a § 2241 petition only if he can meet both prongs of the stringent test for the § 2255(e) "savings clause."[28]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[29] To meet the first prong, a petitioner must rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.[30]

Vega's claim challenging the enhancement of his sentence under Sentencing Guidelines § 4B1.1—based on two prior South Dakota felony controlled substance convictions—fails to satisfy the first prong. He has not alleged or shown that he "*was convicted of a nonexistent offense*," and his claim "has no effect on whether the facts of his case would support his conviction for the substantive offense."[31] Moreover, *Mathis*, which the Supreme Court decided on June 23, 2016, did not announce a new rule and it was not made retroactively applicable to cases on collateral review.[32]

Therefore, since Vega's claim does not meet the stringent requirements of the § 2255(e) savings clause, the Court will not allow him to proceed with it pursuant to § 2241.

## CONCLUSION AND ORDERS

As stated above, 28 U.S.C. §§ 2241 and 2255(e) do not provide authority for the Court to address

---

[28] *Kinder*, 222 F.3d at 212.

[29] *Reyes-Requena*, 243 F.3d at 903.

[30] *Id.* at 904.

[31] *Padilla*, 416 F.3d at 427 (emphasis added).

[32] *Mathis*, 136 S. Ct. at 2257 (noting that the decision was dictated by decades of prior precedent); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016).

Vega's claim. The Court will, therefore, dismiss his petition as frivolous, and, to the extent that his petition may be construed as a § 2255 motion, the Court will dismiss it for lack of jurisdiction.[33] Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Ruben Vega's *pro se* "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that, to the extent Petitioner Ruben Vega's petition is construed as a second or successive motion under 28 U.S.C. § 2255, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 10th day of April, 2018.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**

---

[33] *Ojo*, 106 F.3d at 683.